# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIVANTOS, INC., *Plaintiff*, v. NUTECH HEARING LLC, PERRY A. WARD and MARK W. SILVER, *Defendants.* | Civil Action No. 18-2627<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Sivantos Inc.'s ("Sivantos") unopposed application for an entry of default judgment[1] pursuant to Federal Rule of Civil Procedure 55(b), ECF No. 10, against Defendant NuTech Hearing LLC, ("NuTech");

and it appearing that this action arises out of a breach of a series of agreements between Sivantos, a manufacturer of hearing aids, and NuTech, a Florida-based hearing aid retailer, see Compl. ¶¶ 15-34;

and it appearing that on or about November 16, 2016, NuTech and Sivantos entered into a Loan Agreement, Compl. Ex. A, a Promissory Note, Compl. Ex. B, personal guaranties from NuTech's two members, Perry A. Ward and Mark W. Silver, Compl. Ex. C, a Security Agreement, Compl. Ex. D, and a Supply Agreement, Compl. Ex. F;

and it appearing that under the Loan Agreement, Sivantos agreed to lend NuTech $550,000, $400,000 of which was disbursed on November 16, 2016, Compl. ¶ 12;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

and it appearing that in or about October 2017, NuTech ceased making payments under the Loan Agreement, Compl. ¶ 26;

and it appearing that although the Loan Agreement provided NuTech a ten day grace period before nonpayment triggered an Event of Default, NuTech failed to cure its default within the grace period, and Sivantos informed NuTech that it was in default under the Loan Agreement, id. ¶ 27;

and it appearing that pursuant to the terms of the Loan Agreement, Sivantos accelerated NuTech's obligations, such that $393,845.68 immediately became due, id. ¶ 28;

and it appearing that NuTech further failed to make payments under the Supply Agreement, resulting in an outstanding principal balance of $53,082.97, id. ¶ 30;

and it appearing that on February 23, 2018, Plaintiff filed a Complaint against NutTech and its two members, Perry A. Ward and Mark W. Silver, asserting claims of breach of the Loan Agreement, breach of the Promissory Note, seeking judgment on personal guaranties by Silver and Ward, breach of the Supply Agreement, breach of a Security Agreement, unjust enrichment, possession of collateral, and foreclosure of Sivantos's security interest, ECF No. 1;

and it appearing that Defendants have failed to answer the Complaint or otherwise respond as of the date of this Order;

and it appearing that Ward and Silver each filed for bankruptcy on May 1, 2018, and that Plaintiff therefore does not seek a default judgment against either Ward or Silver, Pl. Mem., ECF No. 10.1 at 5;

and it appearing that Plaintiffs filed the present Motion for Default Judgment seeking judgment against NuTech only, in the total amount of $445,606.33 comprised of: (1) $388,963.36 due under the Loan Agreement; and (2) $56,642.97 due under the Supply Agreement, Pl. Mem. at

11, and that Plaintiff further seeks permission to submit an application to recover its attorney's fees in accordance with § 8(a) of the Promissory Note;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects service upon all Defendants, ECF Nos. 4, 5, 6;

and it appearing that a district court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has diversity jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, see Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015); Compl. ¶¶ 8-9;

and it appearing that, pursuant to the Loan Agreement, NuTech consented to the personal jurisdiction of "the federal, state or local courts sitting in or for the count of Middlesex, New Jersey," Compl. Ex. A § 12;

and it appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing in order to establish a breach of contract claim under New Jersey law, a plaintiff must show that: (1) that the parties entered into a valid contract; (2) that the defendant failed to perform its contractual obligation; and (3) that the plaintiff suffered damages as a result

of the breach, Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013);

and it appearing that Plaintiff sufficiently pled that NuTech entered into the Loan Agreement, Promissory Note and Supply Agreement with Sivantos, breached the Loan Agreement and Promissory Note by failing to make timely payments thereunder, and breached the Supply Agreement by failing to make payments thereunder;

and it appearing that Plaintiff has demonstrated through the Declaration of Annemarie Brennan that Sivantos has suffered damages in the amount of $445,606.33, ECF No. 10.2;

and it appearing that courts consider the following three factors in deciding whether to grant a default judgment: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that Plaintiff would suffer prejudice if the Court denied default because denial would further delay compensating Plaintiff for the damages suffered from the breach;

and it appearing that, based on the facts alleged in the Complaint, Defendants do not appear to have a litigable defense;

and it appearing that the Third Circuit has found that "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard," Mrs. Ressler's Food Prods. v. KYZ Logistics LLC, 675 F. App'x 136, 142 (3d Cir. 2017);

and it appearing that Defendants' failure to respond to the Complaint—which contains allegations of serious financial injuries—for more than fourteen months constitutes willful conduct and therefore satisfies the culpable conduct standard;

4

and it appearing that all three factors accordingly support the entry of default judgment;

**IT IS** on this 6th day of June, 2019;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 10, is hereby **GRANTED**; and it is further

**ORDERED** that judgment is hereby entered against Defendant NuTech in the amount of $445,606.36, which represents $388,963.36 for breach of the Loan Agreement and $56,642.97 for recurring fees (principal plus prejudgment interest); and it is further

**ORDERED** that Plaintiff's request to submit a fee application is **GRANTED**. If Plaintiff seeks to recover its costs and attorney's fees in prosecuting this application, it shall submit an appropriately supported fee application within 30 days of the date of this order.

*/s Madeline Cox Arleo*_____
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**